UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

                                 :

EUGENE I. KELLY,             :

                                 :

        Petitioner,      :    Civ. No. 15-3932 (NLH)

                                 :

    v.                      :    OPINION

                                 :

STATE OF NEW JERSEY, et al.,    :

                                 :

        Respondents.     :

_____:

APPEARANCES:

Eugene I. Kelly, #420545B / 615504
Bayside State Prison – Ancora Unit
P.O. Box 597
Hammonton, NJ 08037
    Petitioner, <u>pro se</u>

<u>HILLMAN, District Judge</u>

On or about June 11, 2015, Petitioner Eugene I. Kelly filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1).  On June 15, 2015, the case was administratively terminated for failure to satisfy the filing fee requirement. (ECF No. 3).  Petitioner then submitted a renewed application to proceed <u>in forma pauperis</u> (ECF No. 6), and the case was reopened for review by a judicial officer.

The Court finds that Petitioner's <u>in forma pauperis</u> application is complete and his request to proceed <u>in forma pauperis</u> is granted.  At this time the Court will screen the

Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").  For the reasons set forth below, Petitioner's claim based on the Fourth Amendment will be dismissed.  Respondents will be required to file an Answer as to the remaining claims of the Petition.

I.   BACKGROUND

Petitioner was charged in Atlantic County under indictment number 07-04-9530-D with a third degree unlawful possession of a weapon, in violation of N.J.S.A. 2C:39-5(b); a fourth degree unlawful possession of hollow point bullets, in violation of N.J.S.A. 2C:39:-3(f); and a second degree possession of a weapon by a convicted person, in violation of N.J.S.A. 2C:39-7. Petitioner filed a motion to suppress evidence (the gun), which was denied.  He then pled guilty to one count of third-degree unlawful possession of a handgun in satisfaction of all charges. As part of that plea agreement, the State agreed to recommend a sentence not to exceed five years and to dismiss counts two and three of the indictment.  Petitioner also agreed to waive his right to appeal.

Prior to sentencing, however, Petitioner moved to withdraw his guilty plea.  The court enforced the agreement and reminded Petitioner that he had waived his right to appeal as part of the plea agreement.  The court further informed Petitioner that, if he chose to appeal, the State could withdraw the guilty plea,

2

reinstate the dismissed charges against him, and proceed to trial.  That is precisely what transpired.

At trial, Petitioner was convicted of second-degree possession of a weapon by a convicted person.  The court granted the State's motion to impose an extended term and Petitioner was sentenced to a sixteen-year term with an eight-year minimum. Petitioner appealed and the appellate division affirmed. State v. Kelly, No. A-1096-09T4, 2012 WL 264205 (N.J. Super. Ct. App. Div. Jan. 31, 2012).  The New Jersey Supreme Court denied certification. State v. Kelly, 210 N.J. 480, 45 A.3d 985 (2012).

Petitioner then filed a pro se motion for post-conviction relief ("PCR").  On April 3, 2013, the PCR court denied post-conviction relief.  Petitioner attaches a copy of the court's decision to his Petition. (Exhibit 23-38, Letter Opinion, ECF No 1-1).  Petitioner appealed the PCR court's decision and the appellate court affirmed. State v. Kelly, No. A-0708-13T1, 2015 WL 1649249 (N.J. Super. Ct. App. Div. Apr. 15, 2015).  A copy of this appellate decision is also attached to the Petition. (Exhibit 1-7, Appellate Decision, ECF No. 1-1).  Petitioner then filed the instant habeas petition.

Although Petitioner lists only two grounds for relief in the Petition, the Court construes the Petition as asserting three alleged constitutional violations: (1) an ineffective assistance of counsel claim; (2) a Fourth Amendment claim; and

(3) a due process violation.  The Court will address each claim in turn.

## II.  STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

## III. DISCUSSION

### A. INEFFECTIVE ASSISTANCE CLAIM

As his first ground for relief, Petitioner asserts a claim for ineffective assistance of counsel. (Pet. 6, ECF No. 1). Petitioner provides sufficient factual allegations to support

this claim.  Therefore, the Court determines that it does not
"plainly appear[ ] from the petition and any attached exhibits
that the petitioner is not entitled to relief . . . ." See
Habeas Rule 4.  Respondents will be required to provide an
Answer with respect to this claim.

     B. FOURTH AMENDMENT CLAIM

     In the first half of Petitioner's second ground for relief,
Petitioner argues that the charges against him were the result
of an unlawful search and seizure. (Pet. 8, ECF No. 1).  Thus,
Petitioner's claim is based on his rights under the Fourth
Amendment of the Constitution.  However, a federal court cannot
provide habeas review of a Fourth Amendment claim if the
petitioner had a full and fair opportunity to litigate the claim
in the state courts. See Stone v. Powell, 428 U.S. 465, 494, 96
S.Ct. 3037, 49 L.Ed.2d 1067 (1976); see also Wright v. West, 505
U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992); Marshall
v. Hendricks, 307 F.3d 36 (3d Cir. 2002); Deputy v. Taylor, 19
F.3d 1485 (3d Cir. 1994).  "A petitioner has had a full and fair
opportunity to litigate such claims if the state has an
available mechanism for suppressing evidence seized in or
tainted by an illegal search or seizure, irrespective of whether
the petitioner actually availed himself of that mechanism."
Wright v. Pierce, No. CV 12-175-SLR, 2015 WL 1137987, at *7 (D.
Del. Mar. 12, 2015) (citations omitted).

Here, it is evident that Petitioner had a full and fair opportunity to litigate these Fourth Amendment claims.  In his Petition, Petitioner concedes that he raised this issue on direct appeal. (Pet. 3, ECF No. 1).  Indeed, the appellate court discussed Petitioner's Fourth Amendment claim in its review of the trial court's denial of Petitioner's motion to suppress evidence. See Kelly, No. A-1096-09T4, 2012 WL 264205, at *3-4.

Moreover, the fact that this issue was litigated on direct appeal is discussed in the PCR court's Letter Opinion, a copy of which Petitioner attaches to his Petition. (Exhibit 25-26, Letter Opinion, ECF No. 1-1) ("On appeal, the Petitioner argued that his motion to suppress was improperly denied, that he was unlawfully stopped by the police on the night in question, that his right to appeal was improperly waived, that his sentence was excessive, and that his counsel was ineffective. All of Petitioner's arguments were rejected by the Appellate Division and his sentence was reaffirmed.").

Petitioner also attaches to his Petition a copy of the appellate court's denial of his appeal of the PCR court decision.  In its opinion, the appellate court noted that Petitioner's unlawful search and seizure claim was previously raised and adjudicated on the merits on direct appeal. (Exhibit 5-7, Appeal of PCR Decision, ECF No. 1-1); Kelly, No. A-0708-13T1, 2015 WL 1649249, at *2-3.

6

Because Petitioner received a full and fair opportunity to litigate this claim in the state courts, he is barred from habeas review of this issue. See Stone, 428 U.S. 465; see also Marshall, 307 F.3d 36; Deputy, 19 F.3d 1485.  Accordingly, this claim will be dismissed.

C. DUE PROCESS CLAIM

In the second half of his second ground for relief, Petitioner also appears to assert a due process violation based on allegations of perjured testimony. (Pet. 8, ECF No. 1). Petitioner provides sufficient factual allegations to support this claim.  Therefore, the Court determines that it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." See Habeas Rule 4.  Respondents will be required to provide an Answer with respect to this claim.

IV.  CONCLUSION

For the reasons set forth above, Petitioner's Fourth Amendment claim will be dismissed; however, Respondents will be required to file an Answer with respect to the remaining grounds for relief, as discussed above. See Denny, 708 F.3d at 148 n. 3; 28 U.S.C. § 2243 (federal district courts have a duty to screen and summarily dismiss habeas petitions that plainly show the petitioner is not entitled to relief); Rule 4 of the Rules Governing Section 2254 Cases; see also Habeas Rule 4 advisory

7

committee's note ("Rule 4 authorizes the judge to 'take such other action as the judge deems appropriate.'" . . . "[T]he judge may want to dismiss some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit.").

An appropriate Order will be entered.


__s/ Noel L. Hillman_____ 
NOEL L. HILLMAN
United States District Judge

Dated: March 9, 2016
At Camden, New Jersey